O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN DARNELL GARLAND,<br><br>                Plaintiff,<br><br>      v.<br><br>CORRECTIONAL OFFICER K. HOFFMAN,<br><br>                Defendant. | Case No. CV 15-2766-FMO (KK)<br><br>MEMORANDUM AND ORDER SUMMARILY DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT OR ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B) |

## I.

## **INTRODUCTION**

Plaintiff Shaun Darnell Garland ("Plaintiff") has filed a pro se Motion for Relief from Judgment or Order ("Motion") pursuant to Federal Rule of Civil Procedure 60(b). However, the Motion fails on its merits. The Court thus denies the Motion.

## II.

## **BACKGROUND**

On March 22, 2015, Plaintiff constructively filed[1] a civil rights complaint pursuant to Title 42 of the United States Code, section 1983 against Defendant K.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010)

Hoffman ("Defendant"). ECF Docket No. ("Dkt.") 1, Compl. On August 13, 2015, Defendant filed a Motion to Dismiss arguing the complaint was untimely. Dkt. 15-1, Mot. On February 29, 2016, the Court found the complaint untimely, granted the Motion to Dismiss, and dismissed this action with prejudice. Dkt. 34, Judgment. In finding Plaintiff's action untimely, the Court noted Plaintiff was serving a life without parole sentence and was, thus, ineligible for tolling under California Code of Civil Procedure section 352.1 ("Section 352.1"), which tolls the limitations period for up to two years if a plaintiff "is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." Id.; Dkt. 27, Amended Report and Recommendation; Cal. Civ. Proc. Code § 352.1.

On March 8, 2016, Plaintiff constructively filed the instant Motion, arguing for relief from the Court's February 29, 2016 Judgment for "excusable neglect for not requesting the Court take Judicial Notice to the Plaintiff's life with the possibility of parole sentence." Dkt. 36, Mot. at 8.[2] In his Motion, Plaintiff includes an Abstract of Judgment demonstrating Plaintiff is serving a sentence of life with the possibility of parole, in addition to his sentence for life without the possibility of parole. Id. at 10. Plaintiff argues his life with the possibility of parole sentence makes him eligible for tolling under Section 352.1. Id. at 7-8.

### III.
### DISCUSSION

**A.  APPLICABLE LAW**

Under Federal Rule of Civil Procedure 60(b), where a party seeks to set aside a judgment for mistake, inadvertence, surprise or excusable neglect, the Court generally considers: (1) the danger of prejudice to the adverse party; (2) the

---

(citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

[2]  The Court refers to the pages of Plaintiff's pleadings as if he consecutively numbered them.

1 | length of any delay and its potential impact on the proceedings; (3) the reason for
2 | the delay; and (4) whether the moving party acted in good faith.  <u>Pioneer Inv.</u>
3 | <u>Servs. Co. v. Brunswick Associates Ltd. P'ship</u>, 507 U.S. 380, 395, 113 S. Ct. 1489,
4 | 123 L. Ed. 2d 74 (1993); <u>Bateman v. U.S. Postal Serv.</u>, 231 F.3d 1220, 1224 (9th Cir.
5 | 2000).

6 | **B.     ANALYSIS**

7 |          Here, Plaintiff claims his failure to request judicial notice of his life with the
8 | possibility of parole sentence constitutes excusable neglect.  Dkt. 36 at 8.  Plaintiff
9 | argues his life with the possibility of parole sentence renders him eligible for tolling
10 | under Section 352.1.  <u>Id.</u>  However, as the Court noted in its Amended Report and
11 | Recommendation (and as Plaintiff concedes), Plaintiff is also serving a life <u>without</u>
12 | the possibility of parole sentence.  <u>See</u> Dkt. 15-2; Dkt. 27; Dkt. 36 at 10.  Thus, even
13 | if the Court found the four factors above favor Plaintiff and took judicial notice of
14 | his life with the possibility of parole sentence, his claim fails.  <u>See</u> <u>Pioneer Inv.</u>
15 | <u>Servs. Co</u>, 507 U.S. at 395.  The fact that Plaintiff is serving a life with the
16 | possibility of parole sentence, in addition to a life without the possibility of parole
17 | sentence, fails to change the Court's analysis because Section 352.1 clearly states
18 | Plaintiff's life without parole sentence alone renders such statutory tolling
19 | inapplicable.  <u>See</u> Cal. Civ. Proc. Code § 352.1.  Accordingly, the Court must deny
20 | the Motion.  <u>See</u> <u>id.</u>
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

## IV.
## **CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motion for Relief from Judgment or Order is DENIED.

Dated: April 5, 2016

/s/
HONORABLE FERNANDO M. OLGUIN
United States District Judge

Presented by:

KENLY KIYA KATO
United States Magistrate Judge